## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re, LISA KAYE GOLDEN, Debtor<br><br>LISA KAYE GOLDEN<br><br>Appellant,<br><br>v.<br><br>RICHARD KIPPERMAN, JEFFREY ROGERS,<br><br>Appellees. | Case Nos.: 19-cv-2178 DMS (NLS)<br><br>Bankruptcy Proceeding No.: 17-06928 MM7<br><br>**ORDER DENYING APPELLANT'S MOTION TO RECUSE** |

On April 22, 2020, Appellant Lisa Golden, proceeding *pro se*, filed the present Motion to Recuse. (ECF No. 8.) Appellees filed a response, (ECF No. 10), and Appellant filed a reply. (ECF No. 14.) The motion is denied for the reasons set forth below.

## I.

## BACKGROUND

Appellant Lisa Golden ("Appellant" or "Golden") has more than thirty active bankruptcy appeals pending in this Court. All of the appeals arise out of a single bankruptcy action presided over by Judge Margaret M. Mann of the United States Bankruptcy Court in the Southern District of California. With the exception of one appeal

1

decided by District Judge Gonzalo P. Curiel in 2018, (*In re Golden*, No. 18-cv-2359-GPC-RBB, 2020 WL 6601615, at *1 (S.D. Cal. Dec. 17, 2018) (granting motion to dismiss Appellant's appeal as untimely)), all of the appeals have been assigned to this Court as related cases to the first-filed case, 18cv2089 DMS (NLS), pursuant to the Low Number Rule. *See* Civ. L. R. 40.1(e) (all related pending civil actions and proceedings are assigned to the district judge with the lowest numbered case).[1] Golden's appeals challenge a variety of decisions by the bankruptcy court, including decisions on a motion to quash, motion to change venue, motion to compel deposition attendance, motion to amend complaint, and orders appointing receivers. Several of the appeals also appear to be duplicative.

During the pendency of these appeals, the Court has ruled on two substantive matters. First, on September 5, 2019, the Court ruled in favor of Golden and affirmed the bankruptcy court's judgment on an appeal filed by Jeffrey Rogers. (*See* 18-cv-2699-DMS-NLS, ECF No. 16.) Next, the Court denied Golden's appeal of the bankruptcy court's denial of her motion to recuse Judge Mann. (*See* 19-cv-2064, ECF No. 4.) In the latter matter, Golden filed an ex parte motion to stay the bankruptcy trial pending a determination on her appeal to recuse Judge Mann. Golden telephoned the Court after filing her ex parte motion on Friday, November 15, 2019, and informed Chambers staff that the bankruptcy

---

[1] *See* 18-cv-2089-DMS-NLS; 19-cv-00836-DMS-NLS; 19-cv-00843-DMS-NLS; 19-cv-00488-DMS-NLS; 19-cv-01417-DMS-NLS; 19-cv-02064-DMS-NLS; 19-cv-02463-DMS-NLS; 20-cv-00047-DMS-NLS; 20-cv-00052-DMS-NLS; 20-cv-00059-DMS-NLS; 20-cv-00061-DMS-NLS; 20-cv-00050-DMS-NLS; 20-cv-00057-DMS-NLS; 19-cv-02320-DMS-NLS; 19-cv-02462-DMS-NLS; 19-cv-02178-DMS-NLS; 20-cv-00206-DMS-NLS; 19-cv-00838-DMS-NLS; 19-cv-02065-DMS-NLS; 20-cv-01255-DMS-NLS; 20-cv-00051-DMS-NLS; 20-cv-00102-DMS-NLS; 20-cv-00207-DMS-NLS; 20-cv-00205-DMS-NLS; 20-cv-00305-DMS-NLS; 20-cv-00725-DMS-NLS; 20-cv-01004-DMS-NLS; 20-cv-00952-DMS-NLS; 20-cv-01005-DMS-NLS; 20-cv-00866-DMS-NLS; 20-cv-00999-DMS-NLS; 20-cv-00950-DMS-NLS; 20-cv-00951-DMS-NLS; 20-cv-01044-DMS-NLS; 20-cv-01087-DMS-NLS. Golden also has filed two civil cases against parties involved in her Bankruptcy Proceedings. *See* 20-cv-00856-DMS-NLS; 20-cv-00855-DMS-NLS.

trial before Judge Mann would begin the following Monday, November 18, 2019, in the absence of a stay.  On the morning of trial, the Court's law clerk called Judge Mann's Chambers for a status on the trial.  Judge Mann informed the law clerk that the trial was proceeding.  The Court issued its order denying the appeal on November 22, 2019, which rendered moot the motion to stay the proceedings.  (*Id.*)

In addition to ruling on the substantive matters above, the Court has issued briefing schedules for some of the pending appeals.  The Court has also issued orders to show cause in several of the appeals and dismissed two appeals without prejudice for Appellant's failure to respond to a scheduling order and an order to show cause.  *See* 19-cv-838; 19-cv-843.  The Court has also ruled on motions for extension of time and for electronic access.  *See* 20-cv-102; 18-cv-2089.  The bulk of the appeals remain pending with opening briefs yet to filed.  In some cases, motions to dismiss are pending, and will be addressed following issuance of this Order.

## II.
## DISCUSSION

A. <u>Legal Standard</u>

Requests for recusal of district court judges are governed by 28 U.S.C. § 455 and 28 U.S.C. § 144.  First, a judge may recuse *sua sponte* under 28 U.S.C. § 455(a), which provides: "any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Second, a litigant may move to recuse a trial judge under 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Appellant moves for recusal under both statutes.  "The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: Whether a reasonable

person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F. 3d 882, 891 (9th Cir. 2012) (quoting *United States v. Hernandez*, 109 F. 3d 1450, 1453 (9th Cir. 1997) (per curiam)) (internal quotation marks omitted). "Under § 455(a), impartiality must be 'evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance.'" *United States v. Carey*, 929 F.3d 1092, 1104 (9th Cir. 2019) (quoting *Liteky v. United States*, 510 U.S. 540, 548 (1994)). Section 455(a) is "limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of trial." *United States v. Holland*, 519 F.3d 909, 913–14 (9th Cir. 2008). "Courts should take special care in reviewing recusal claims so as to prevent parties from 'abus[ing] § 455 for a dilatory and litigious purpose based on little or no substantiated basis.'" *Sensley v. Albritton*, 385 F.3d 591, 598 (5th Cir. 2004) (quoting *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1409 n.8 (5th Cir. 1994)) (alterations in original).

Though the standard for assessing motions to recuse is the same under both statutes, the procedures differ. For a § 144 motion, the judge must first assess whether the affidavit is timely before assessing the legal sufficiency of the affidavit. If the affidavit is timely and legally sufficient, the duty of the judge is to "proceed no further" in the case and refer the motion to another judge. *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978), *cert. denied*, 440 U.S. 907 (1979). To be legally sufficient, the affidavit must meet three requirements: "it must state facts which if true fairly support the allegation that bias or prejudice stemming from (1) an extrajudicial source (2) may prevent a fair decision on the merits … [based] on … (3) the [source of the facts and] substantiality of the support given by these facts to the allegation of bias." *Id.* at 739–40. A district court's denial of a motion to recuse is reviewed for abuse of discretion. *See Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).

/ / /

/ / /

B. <u>Timeliness of Affidavit Under § 144</u>

Section 144 requires a "timely" affidavit. 28 U.S.C. § 144. Although § 455 does not set out an explicit timeline, "[i]it is well established that a motion to disqualify or recuse a judge under 28 U.S.C. § 144 [as well as] … § 455 must be made in a timely fashion." *Preston v. United States*, 923 F.2d 731, 732–33 (9th Cir. 1991) (quoting *Molina v. Rison*, 886 F.2d 1124, 1131 (9th Cir. 1989)) (internal quotation marks omitted) (alterations in original). The timeliness requirement protects the courts from "increased instances of wasted judicial time and resources," as well as the "heightened risk that litigants would use recusal motions for strategic purposes." *Id.* There is no "per se rule" regulating the time frame, but "recusal motions should be filed with reasonable promptness after the ground for such a motion is ascertained." *Id.* "[A] party having information that raises a possible ground for disqualification cannot wait until after an unfavorable judgment before bringing the information to the court's attention." *Nordbrock v. United States*, 2 Fed. Appx. 779, 779–80 (9th Cir. 2001) (quoting *United States v. Rogers*, 119 F. 3d 1377, 1380 (9th Cir. 1997)) (internal quotation marks omitted).

Appellees contend Golden's motion is untimely because she "never once indicated [the Court] had … exhibited 'personal bias' or 'prejudice' towards her or anyone else" during the pendency of her first appeal. (Opp'n at 3.) Accordingly, Appellees contend Golden filed the present motion "to distract the Court from the countless inflammatory and meritless pleadings and appeals she has filed in bad faith in an effort to stall the administration of her [bankruptcy] case." (*Id.*)

In response, Golden argues the Court unfairly granted Appellee an extension for his appeals and yet denied her appeal as untimely and "frivolous" when she "unknowingly filed [the notice of appeal] a week late." (Reply Br. at 2-3.) Golden's argument appears to address the case decided by Judge Curiel, which was appealed and subsequently dismissed by the Ninth Circuit as frivolous under 28 U.S.C. § 1915(e)(2). *See In re Golden*, 2020 WL 6601615, at *1 (granting motion to dismiss because Appellant's notice of appeal was
/ / /

untimely); *Golden v. Kipperman*, No. 19-55005, ECF No. 15 (9th Cir. Sept. 17, 2019) (dismissing appeal as frivolous).

Nevertheless, the subject motion was filed within one month of Appellees' filing their motions to dismiss. Under the circumstances, the Court declines to find the motion is untimely.

C. Merits of Allegations

Federal judges are presumed to be impartial, thus there is a substantial burden on the party claiming bias or prejudice to demonstrate lack of impartiality. *Toscano v. McLean*, No. 16-cv-06800-EMC, 2018 WL 732341, at *2 (N.D. Cal. Feb. 6, 2018). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *In re Marshall*, 721 F.3d 1031, 1041–42 (9th Cir. 2013). "[T]he judge's conduct during the proceedings should not, except in the 'rarest of circumstances' form the sole basis for recusal under § 455(a)." *United States v. Holland*, 519 F.3d 909, 913–14 (9th Cir. 2008) (citations omitted). Similarly, "[a]dverse rulings do not constitute the requisite bias or prejudice of § 144." *Azhocar*, 581 F.2d at 739.

The high bar for recusal under the foregoing authorities is not met here, and accordingly the Court declines to refer the motion to another judge. *See Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1387–88 (9th Cir. 1988) (district judge correctly rejected disqualification motion as legally insufficient and thereafter had no further duty to refer to another judge because the alleged bias or prejudice did not arise from an extrajudicial source). Appellant contends the undersigned must recuse because he "has expressed firmly held and unwarranted hostility to Golden as evidenced by his action in this case and in other instances," (Mot. at 3), and "hates pro se litigants and women, and wants to provide for the rights for only those in his 'fraternity[.]'" (Reply Br. at 5.) To that end, Appellant makes eight allegations that she believes indicates bias warranting recusal. These allegations are addressed in turn.

1. <u>Judicial Rulings</u>

Most of Appellant's allegations involve judicial rulings, which are generally insufficient to show the kind of bias required to justify recusal. In *Liteky*, the Supreme Court explained:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required … when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. … *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, or even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display.

510 U.S. at 550 (emphasis in original). Appellant contends a number of rulings discussed below justify recusal because they are opinions "derived from an extrajudicial source" and "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." (Mot. at 14) (citing *Liteky*, 510 U.S. at 555.) However, the facts alleged by Appellant fall short of these standards.

First, Appellant contends the Court has "for the past 18 months, and now, during a country wide pandemic, refused to allow Golden to file electronically as all other parties

/ / /
/ / /
/ / /
/ / /
/ / /

are allowed to file,"[2] (Mot. at 3), referring to the February 7, 2020 order,[3] in which the Court partially granted Appellant's motion for electronic access, allowing her to receive service, but not file, electronically. (No. 19-cv-2178-DMS-NLS, ECF No. 5.) Second, Golden alleges the Court issued an order granting opposing counsel's motion for an extension of time to file an opening brief without affording Golden an opportunity to oppose the motion, and thereafter the Court amended the order to allow Golden that opportunity. (*See* 20-cv-102-DMS-NLS, ECF No. 9.) After Golden failed to respond, the Court granted the motion. (*See id.,* ECF No. 10.) Notwithstanding Golden's failure to respond to the motion, she contends the Court granted the motion to punish her for being "difficult." (Mot. at 3.) Golden argues the foregoing orders demonstrate bias against pro se litigants and women, but her allegations are neither supported by the record nor by any extrajudicial source of bias. *See Johnson v. Altamirano*, No.:19-cv-1185-H-BLM, 2020 WL 4747677, at *2 (S.D. Cal. Sept. 30, 2019). Accordingly, the allegations do not "display a deep-seated favoritism or antagonism that would make fair judgment impossible." (*Liteky*, 510 U.S. at 550.)

Next, Appellant challenges two substantive rulings. Appellant's first challenge references a ruling not by this Court but by Judge Curiel in 18-cv-2359-GPC-RBB. Golden notes the denial of her appeal in that case is an example of "vindictive unequal and unjust adjudication." (Reply Br. at 2.) Golden also takes issue with the characterization of her appeal as "frivolous," but it appears she is referring to the Ninth Circuit's order on her

///

---

[2] Relatedly, Appellant contends she does not receive timely electronic service, but this is not controlled by the undersigned and does not evidence bias or antagonism by the Court.
[3] Though Golden contends the Court sought to endanger her life by requiring her to file in person or by mail during the Covid-19 pandemic, the Court's order was issued more than a month before California's stay at home order began on March 19, 2020. *See Governor Gavin Newsom Issues Stay at Home Order,* OFFICE OF GOVERNOR, https://www.gov.ca.gov/2020/03/19/governor-gavin-newsom-issues-stay-at-home-order.

appeal of Judge Curiel's order. *See Golden v. Kipperman*, No. 19-55005, ECF No. 15 (9th Cir. Sept. 17, 2019) (dismissing appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)).

The other ruling that Appellant highlights is this Court's denial of her appeal to recuse Judge Mann in 19-cv-2064-DMS-NLS, accusing the Court of denying the appeal "without giving Golden any opportunity to be heard." (Mot. at 4; *see* No: 19-CV-2064-DMS-NLS, ECF No. 4.) However, the matter was carefully evaluated by the Court in a written order based on Appellant's briefs. (*See id.*) While Appellant does not agree with the ruling, her challenges to the ruling are properly addressed on appeal and not on a recusal motion. *See Liteky*, 510 U.S. at 550 ("Almost invariably, [judicial rulings] are proper grounds for appeal, not for recusal.") Notably, Golden appealed this Court's ruling to the Ninth Circuit, which dismissed the appeal for lack of jurisdiction. (ECF No. 9.)

Golden's arguments focus on court rulings and fail to "identify any extrajudicial source for the alleged bias." *See Altamirano*, 2020 WL 4747677, at *2. Though Golden contends these rulings are derived from gender bias and bias against pro se plaintiffs, there is no factual basis for the allegations. *See United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566–67 (9th Cir. 1995) (affidavit inadequate when based on conclusory allegations of bias). Accordingly, these conclusory allegations are insufficient to warrant recusal.

2. Ex Parte Communications

Next, Golden contends the Court engaged in ex parte communications with Judge Mann while deciding her appeal to recuse Judge Mann. She argues this action demonstrates the Court's "deference to another judicial officer despite the factual evidence in Goldens [sic] favor and this courts [sic] inability to make any judgment that are [sic] not in the best interest of the opposing parties or to the detriment of Golden." (Mot. at 5.)

"An *ex parte* communication is defined as a communication between counsel and the court when opposing counsel is not present," and is "generally thought to be one between a person who is in a decision-making role and a person who is either a party or counsel to a proceeding before him that takes place without notice and outside the record."

*North v. United States Dep't of Justice*, 17 F. Supp. 3d 1, 3 (D.D.C. 2013); *see also Blixseth v. Yellowstone Mountain Club, LLC.*, 742 F.3d 1215, 1219 (9th Cir. 2014) ("An ex parte contact with a judicial officer is one where a party who has a right to be present is excluded.")  "Ex parte communications are strongly disfavored," but only warrant recusal if the communications would prompt a reasonable person who is aware of all the facts to reasonably question a judge's impartiality.  *See In re Mitan*, 579 Fed. App'x 67, 69–70 (3d Cir. 2014).

Here, Golden alleges the undersigned contacted Judge Mann "and asked her to respond [in camera]" to Golden's appeal of the motion to recuse, and "Golden was never noticed or served with the response." (Mot. at 4.)  Notably, Golden does not provide any evidence to support this version of events, which version is mistaken.  To be clear, at no time did the undersigned contact Judge Mann about this case.  Rather, the Court's law clerk called Judge Mann's chambers to inquire about the status of the trial, specifically, whether the trial was proceeding in light of Golden's ex parte motion to stay.  Rather than responding to that question, the person who answered the call transferred the Court's law clerk directly to Judge Mann, who simply informed the law clerk that the trial was proceeding as scheduled.  At no time did this Court or its law clerk solicit a response from Judge Mann to Golden's appeal of the motion to recuse, nor did Judge Mann offer one.  The conversation involved a simple inquiry from the Court's law clerk about whether the trial was going forward, and nothing more.

"Ex parte communications with judicial staff concerning routine administrative matters do not raise any inference of bias." *Blixseth,* 742 F.3d at 1220.  And ex parte contacts do not require recusal when they are "not… substantively related to [the] proceedings." *See In re Brooks*, 383 F.3d 1036, 1038, 1041–43 (D.C. Cir. 2004).  Because the conversation at issue here did not involve the merits of the pending appeal and only touched on administrative matters regarding the timing of the bankruptcy trial, no ex parte communication occurred, let alone one justifying recusal.

/ / /

### 3. Orders to Show Cause

Finally, Golden's remaining grievances involve the Court's issuance of orders to show cause and related dismissals. To that end, Golden alleges the Court gave her only one week to respond to an Order to Show Cause ("OSC") and in the instances when she did not respond, summarily dismissed motions and appeals "using illegitimate legal authority to deny due process." (Mot. at 5.)

Though Golden does not identify the case numbers, the Court has dismissed two of her cases without prejudice for failure to respond to orders to show cause. *See* 19-cv-838; 19-cv-843. In these orders, the Court warned Appellant if she did not respond to the OSCs, the Court would dismiss the action pursuant to Civil Local Rule 83.1(a), which provides the following options for sanctions for noncompliance with local rules:

> Failure of counsel, or of any party, to comply with these rules, with the Federal Rules of Civil or Criminal Procedure, or with any order of the court may be grounds for imposition by the court of any and all sanctions authorized by statute or rule or within the inherent power of the court, including, without limitation, dismissal of any actions, entry of default, finding of contempt, imposition of monetary sanctions or attorneys' fees and costs, and other lesser sanctions.

While the Court is sympathetic to the demands placed on litigants who appear before the Court, it must ensure compliance with the local rules to properly administer cases and dismissal of cases is an appropriate sanction for failure to comply. *See id.* All of the factual allegations presented by Golden derive from judicial rulings in her cases pending before the Court. Although Golden contends that the Court displays a deep-seated bias against her and a preference for her opponents, the Court has ruled in Golden's favor, granted extensions for her, permitted late-filed pleadings, permitted pleadings that fail to comply with the Federal Rules of Civil Procedure and other local rules, and allowed many appeals to remain open despite her failure to comply with scheduling orders and orders to show cause. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) (affirming district court's denial of motion to recuse and noting that "the procedural history of [the] case

reveals that the district court has been extremely indulgent of [plaintiff], repeatedly granting extensions of time, accepting late-filed pleadings, granting an untimely motion to amend [plaintiff's] complaint, and reinstating [plaintiff's] action after its initial dismissal"). In addition, the Court has delayed adjudicating Appellees' motions to dismiss in order to address the allegations raised by the subject motion. The Court finds there are no allegations that would lead a reasonable observer "with knowledge of all the facts [to] conclude that the judge's impartiality might reasonably be questioned." *McTiernan*, 695 F. 3d at 891.

### III.
### CONCLUSION

For these reasons, Appellant's motion is denied.

**IT IS SO ORDERED**.

Dated: July 24, 2020

                                    Hon. Dana M. Sabraw
                                    United States District Judge